FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 21, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON,<br>Plaintiff,<br>v.<br>GREYHOUND LINES, INC.,<br>Defendant. | No. 2:20-CV-00209-SAB<br><br>**ORDER GRANTING STATE OF WASHINGTON'S MOTION TO REMAND** |

Before the Court are Defendant Greyhound Lines, Inc.'s Motion to Dismiss, ECF No. 8, and Plaintiff State of Washington's Motion to Remand, ECF No. 10. Plaintiff is represented by Yesica Hernandez and Lane Polozola. Defendant is represented by Steven J. Dixon, Jennifer Fearnow, Jesse L. Miller and William M. Symmes. The Court has determined that oral argument is not necessary. *See* LCivR 7(i)(3)(B)(iii).

Plaintiff State of Washington is suing Defendant Greyhound Lines, Inc, alleging Defendant partakes in unfair, deceptive and discriminatory practice by allowing U.S. Customs and Border Patrol Agents (CBP) to board Greyhound buses to conduct warrantless immigration sweeps of Greyhound passengers and failing to inform its passengers that there will be delays because of the sweeps.

Plaintiff originally filed this action in State court, and Defendant removed it, relying on 28 U.S.C. § 1442(a)(1) to establish federal jurisdiction. Defendant then

filed its Motion to Dismiss, and Plaintiff filed its Motion to Remand. Because subject matter jurisdiction is a threshold question for the federal courts, the Court will address Plaintiff's Motion to Remand first. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998).

**Motion Standard**

28 U.S.C. § 1447(c) provides:

> (c) A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.

In removing an action, the defendant is required to provide "a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). A defendant is required to allege the underlying facts supporting each of the requirements for removal jurisdiction. *Leite v. Crane Co.*, 749 F.3d 1117, 1122 (9th Cir. 2014). In *Leite,* the Ninth Circuit reasoned that challenges to the existence of removal jurisdiction should be resolved within the same framework as a Fed. R. Civ. P. 12(b)(1) challenge. *Id.* Under this framework, a plaintiff may challenge the removal of an action in one of two ways: (1) a facial jurisdictional challenge; and (2) a factual jurisdictional challenge. *Id.*

A "facial" attack accepts the truth of the defendant's allegations but asserts they "are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). The district court resolves a facial attack as it would a motion to dismiss under Rule 12(b)(6): Accepting the plaintiff's allegations as true and drawing all reasonable inferences in the plaintiff's favor, the court determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction. *Pride v. Correa*, 719 F.3d 1130, 1133 (9th Cir. 2013).

On the other hand, a "factual" attack contests the truth of the defendant's factual allegations, usually by introducing evidence outside the pleadings. *Safe Air for Everyone*, 373 F.3d at 1039; *Thornhill Publ'g Co. v. Gen. Tel. & Elec. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). When the plaintiff raises a factual attack, the defendant must support its jurisdictional allegations with competent proof, under the same evidentiary standard that governs in the summary judgment context. *Leite*, 749 F.3d at 1122 (citations omitted); Fed.R.Civ.P. 56(c). The defendant bears the burden of proving by a preponderance of the evidence that each of the requirements for subject-matter jurisdiction has been met. *Id.*

**Plaintiff's Complaint**

Plaintiff alleges that Defendant regularly allows U.S. Customs and Border Protection (CBP) agents to board its buses and access its non-public property at the Spokane Intermodal Center in order to conduct warrantless and suspicionless immigration enforcement sweeps of Greyhound passengers.

According to Plaintiff, the immigration enforcement sweeps at issue involve multiple armed CBP agents boarding Greyhound buses that travel purely domestic routes and questioning unsuspecting passengers regarding their citizenship or immigration status. Plaintiff alleges these sweeps result in frequent service disruptions, alarm, and delay, as well as the search, detention and/or arrest of Greyhound passengers. Plaintiff asserts that by permitting CBP to conduct these immigration enforcement sweeps, Greyhound has allowed CBP to freely question Latino and other passengers of color at length about their immigration status, require them to de-board the bus, rifle through their luggage, and even detain or arrest them, while other passengers watched.

Plaintiff is bringing claims under the Washington Consumer Protect Act, Wash. Rev. Code 19.86, and the Washington Law Against Discrimination, Wash. Rev. Code 49.60. Plaintiff is seeking a declaratory judgment that Defendant's actions violate state law, as well as injunctive and other equitable relief for

Greyhound's alleged unlawful actions.

**Defendant's Removal Notice**

Defendant removed this action from Spokane County Superior Court, citing 28 U.S.C. §§ 1442, 1446. Section 1442 is referred to as the officer removal statute. *Leite*, 749 F.3d at 1122. The federal officer removal statute authorizes removal of a civil action brought against any person "acting under" an officer of the United States "for or relating to any act under color of such office." 28 U.S.C. § 1442(a)(1).

In its Notice, Defendant asserts it is entitled to remove this action pursuant to § 1442(a)(1) because (a) it is a person within the meaning of the statute; (b) there is a causal nexus between its actions, taken pursuant to a federal officer's directions and plaintiff's claims; and (c) it can assert a colorable federal defense. Defendant asserts it has a colorable defense of immunity under the Supremacy Clause and conflict preemption.

Defendant maintains that CBP agents board its buses pursuant to 8 U.S.C. § 1357, and § 1357 grants federal agents, including the CBP, the authority to board vessels within a reasonable distance from the border to carry out warrantless immigration inspections. A reasonable distance is 100 miles. 8 C.F.R. § 287.1(a)(1). According to Defendant, in April 2018, Defendant met with the Department of Homeland Security (DHS) in Washington, DC to seek clarification and express its concern with CBP's enforcement of § 1357. Defendant sought more specific guidance about its rights when enforcement officers entered its buses and terminals and sought CBP's documentation that explained CBP's antidiscrimination rules and explained Defendant's and customers' rights during CBP questioning. Defendant was told that CBP had a legal right to board the busses and conduct the immigration checks at terminals without consent or warrants and Defendant's employees needed to follow the directions of the federal officers during immigration checks.

Defendant maintains that its actions were taken under CBP's demands and direction and through imposition of their statutory authority. Defendant argues that because of this, the Court has subject matter jurisdiction over this action, pursuant to § 1442(a)(1).

**Applicable Law**

**1. Federal Removal Statute – 28 U.S.C. § 1442(a)(1)**

28 U.S.C. § 1442 permits the removal of any action that is commenced in State court and is against or directed to "any officer (or any person acting under that officer) of the United States to the United States district court." 28 U.S.C. § 1442(a)(1). One of the purposes of the federal officer removal statute is "to ensure a federal forum in any case where a federal officer is entitled to raise a defense arising out of his duties." *Goncalves v. Rady Children's Hosp. San Diego*, 865 F.3d 1237, 1244 (9th Cir. 2017). Another purpose is to "protect the Federal Government from the interference with its 'operations' that would ensue were a State able, for example, to arrest and bring to trial in a State court for an alleged offense against the law of the State officers and agents of the Federal Government acting within the scope of their authority." *Watson v. Phillip Morris Co., Inc.*, 551 U.S. 142, 150 (2007) (citation omitted) ("State-court proceedings may reflect 'local prejudice' against unpopular federal laws or federal officials."); *see also Jefferson Cnty. v. Acker,* 527 U.S. 423, 447 (1999) (Scalia, J. concurring in part and dissenting in part) (noting that "the main point" of the federal officer removal statute "is to give officers a federal forum in which to litigate the merits of immunity defenses."). When a private person acts as an assistant to a federal official in helping that official to enforce federal law, some of these same considerations may apply. *Watson*, 551 U.S. at 151.

"The right of removal is absolute for conduct performed under color of federal office, and the policy favoring removal should not be frustrated by a narrow, grudging interpretation of § 1442(a)(1)." *Id.* (quotations omitted).

A party seeking removal under Section 1442(a)(1) bears the burden of showing by a preponderance of the evidence that: (1) it is a person within the meaning of the statute; (2) there is a causal nexus between its actions, taken pursuant to a federal officer's directions and the plaintiff's claims; and (3) it can assert a "colorable federal defense." *Riggs v. Airbus Helicopters, Inc.*, 939 F.3d 981, 986-87 (9th Cir. 2019) (citation omitted). When assessing these requirements, a court "must pay heed to [its] duty to interpret section 1442 broadly in favor of removal." *Id*.

2. **8 U.S.C. § 1357**

8 U.S.C. § 1357(a)(3) states:

> (a) Powers without warrant
> Any officer or employee of the Service authorized under regulations prescribed by the Attorney General shall have power without warrant—
>
> (3) within a reasonable distance from any external boundary of the United States, to board and search for aliens any vessel within the territorial waters of the United States and any railway car, aircraft, conveyance, or vehicle, and within a distance of twenty-five miles from any such external boundary to have access to private lands, but not dwellings, for the purpose of patrolling the border to prevent the illegal entry of aliens into the United States.

**Analysis**

**1. "Person" under § 1442(a)(1)**

The parties do not dispute that Defendant is a "person" within the meaning of § 1442(a)(1). Courts have uniformly held that corporations are persons under § 1442(a)(1). *Goncalves*, 865 F.3d at 1244. (citing cases).

**2. Causal Nexus to Actions Performed under Federal Officers**

Under the causal nexus prong, a defendant must show (1) its actions are "actions under" a federal officer and (2) those actions are casually connected to the dispute. *Goncalves*, 865 F.3d at 1244.

**(1) "Actions Under" a Federal Official**

The U.S. Supreme Court has cautioned that § 1442 authorizes removal by

private parties only if they were authorized to act with or for federal officers or agents in affirmatively executing duties under federal law. *Watson*, 551 U.S. at 151. Thus, a private person's "acting under" must involve an effort to *assist*, or to help *carry out*, the duties or tasks of the federal superior. *Id.* (emphasis in original) The relationship typically involves "subjection, guidance, or control." *Id.*; *Goncalves*, 865 F.3d at 1245. Simply complying with the law does not rise to the level of helping or assisting federal officers. *Id.* at 152. If it were, then "[t]axpayers who fill out complex federal tax forms, airline passengers who obey federal regulations prohibiting smoking, for that matter well-behaved federal prisoners, all 'help' or 'assist' federal law enforcement authorities in some sense of those words." *Id.*

As the *Watson* Court explained:

> The upshot is that a highly regulated firm cannot find a statutory basis for removal in the fact of federal regulation alone. A private firm's compliance (or noncompliance) with federal laws, rules, and regulations does not by itself fall within the scope of the statutory phrase "acting under" a federal "official." And that is so even if the regulation is highly detailed and even if the private firm's activities are highly supervised and monitored. A contrary determination would expand the scope of the statute considerably, potentially bringing within its scope state-court actions filed against private firms in many highly regulated industries.

*Id.* at 153.

In *Watson*, the plaintiffs sued Philip Morris Co. in state law, alleging the company violated state law prohibiting unfair and deceptive business practices. *Id.* at 146. The complaint focused on the advertisements and packaging. *Id.* The U.S. Supreme Court held that even though a federal regulatory agency directs, supervised and monitors a company's activities in considerable detail, it does not bring such a company with the "acting under" language of 1442(a)(1). *Id.*

The *Watson* Court looked at whether there was any delegation of legal authority from the federal agency to the private company, or any evidence of a

contract, payment, employer/employee relationship, or any principal/agent management. *Id.* at 156. The *Watson* Court suggested there needs to be evidence of some type of special relationship. *Id.* ("Without evidence of some such special relationship, Philip Morris' analogy to Government contracting breaks down."). Ultimately, the *Watson* Court concluded: "And, though we find considerable regulatory detail and supervision, we can find nothing that warrants treating the FTC/Philip Morris relationship as distinct from the usual regulator/regulated relationship. This relationship, as we have explained, cannot be construed as bringing Philip Morris within the terms of the statute." *Id.*

Defendant argues that its employees were involved in an effort to assist or help the agents carry out their duties and tasks. It maintains that it is prohibited from barring CBP agents from boarding or search any of its buses.

Contrary to Defendant's assertions, there is nothing in the Notice that suggests that Defendant is assisting or helping carry out the duties of the CBP. Indeed, the declaration from a bus driver stated that he did nothing while the sweeps were happening. *See* ECF No. 17. At best, Defendant's allegations establish that it permitted the CBP to board buses and search bus riders because it believed § 1357(a)(3) required it to do so. Stated another way, it asserts that it was simply following the law. Under *Watson,* this is not enough to establish federal jurisdiction. Moreover, Defendant has not provided any case law that suggests that § 1357(a)(3) imposes a legal duty on third parties to allow CBP officers to search their vessels, conveyances, and vehicles, as long as they are located within 100 miles of the border. *See Int'l Indus. Park v. United States*, 80 Fed. Cl. 522, 528 (2008) (concluding that while the United States indisputably has some right to access the plaintiff's property, its right of entry is not without limitation).

Because the Court finds that Defendant has not carried its burden of proving by a preponderance of the evidence that it was "acting under" a federal officer, the Court declines to address the third prong, namely, whether Defendant can assert a

colorable federal defense. *Cnty. of San Mateo v. Chevron Corp.*, 960 F.3d 586, 600 (9th Cir. 2020).

**3. Plaintiff's Request for Attorneys' Fees**

Under 28 U.S.C. §1447(c), an order remanding the case to State Court "may require payment of any actual expenses, including attorney fees," incurred because of the removal. "Absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." *Martin v. Franklin Capital Corp.,*546 U.S. 132, 136 (2005). There is no presumption that a successful motion to remand is entitled to attorney's fees and there is also no presumption attorney's fees should be denied. *Id*. at 139.

Here, the Court declines to award attorneys' fees because Defendant had an objective reasonable basis for removal.

**4. Defendant's Motion to Dismiss**

Because the Court does not have subject matter jurisdiction over this action, the Court declines to rule on Defendant's Motion to Dismiss.

//

//

//

//

//

//

//

//

//

//

//

//

//

Accordingly, **IT IS HEREBY ORDERED**:

1. The State of Washington's Motion to Remand, ECF No. 10, is **GRANTED**.
2. The above-captioned case is **remanded** to Spokane County Superior Court.

**IT IS SO ORDERED**. The Clerk of Court is directed to enter this Order, forward copies to counsel and **close** the file.

**DATED** this 21st day of August 2020.



Stanley A. Bastian
Chief United States District Judge